IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **International Watchman Inc.** | ) | |
| c/o statutory agent: Ronald Sabo, Jr. | ) | Case No. |
| 4301 Manhattan  Ave. | ) | |
| Brunswick, Ohio 44232 | ) | Judge: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **TRADEMARK INFRINGEMENT,** |
| | ) | **COUNTERFEITING, AND UNFAIR** |
| | ) | **COMPETITION** |
| | ) | |
| **WRIST AND STYLE, INC.** | ) | |
| 237 Morrell Road, Suite 306 | ) | *(Jury demand endorsed hereon)* |
| PMB 306 | ) | |
| Knoxville, TN  37919 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **The Strapsmith Incorporated** | ) | |
| 215 Meadows Road | ) | |
| Whitefish, MT  59937 | ) | |
| | ) | |
| Agent for Service of Process | ) | |
| Michael Himsl | ) | |
| 625 Sunset Ave. | ) | |
| Kalispell, MT  59901 | ) | |
| And | ) | |
| | ) | |
| **All Watchbands** | ) | |
| P.O. Box 1330 | ) | |
| Millersville, MD  21108 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **Watchbands ETC., Inc.** | ) | |
| 800 Tully Road | ) | |
| Houston, TX  77079 | ) | |
| | ) | |
| Agent for Service of Process | ) | |
| Patricia B. Birdsong | ) | |

| | |
|---|---|
| 1603 Richvale Lane | ) |
| Houston, TX 77062 | ) |
| | ) |
| And | ) |
| | ) |
| **Marko Ceki** | ) |
| dba Spartan Watches | ) |
| 5663 Greenland Road #1205 | ) |
| Jacksonville, FL 32258 | ) |
| | ) |
| And | ) |
| | ) |
| **Lahdee LLC** | ) |
| 380 Washington Street | ) |
| Floor 1, Suite 102 | ) |
| Boston, MA 02135 | ) |
| | ) |
| Agent for Service of Process | ) |
| Oladipo Aina, Registered Agent | ) |
| 100 Lake Street | ) |
| Brighton, MA 02135 | ) |
| | ) |
| And | ) |
| | ) |
| **County Club Prep LLC** | ) |
| 1015-A Collier Road | ) |
| Atlanta, GA 30318 | ) |
| | ) |
| Agent for Service of Process | ) |
| Stephen Paul Glasgow | ) |
| 240 Sprindale Drive NE | ) |
| Atlanta, GA 30305 | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

NOW COMES the Plaintiff, *International Watchman, Inc.*, and for its Complaint against

the Defendants and allege as follows:

## **THE PARTIES**

1.     The Plaintiff, International Watchman, Inc., is a corporation organized under the

laws of Ohio, and has its principal place of business in Brunswick, Ohio, which is in Medina County.

2.      Upon information and belief, the Defendant Wrist and Style, Inc. is a Tennessee corporation, and has a principal place of business at 234 Morrell Road, Knoxville, TM. ("W&S").  Defendant W&S does business through various online avenues and engages for business within the State of Ohio.

3. Upon information and belief, the Defendant The Strapsmith Incorporated is a Montana  corporation with a principal place of business at 300 Missy Lane, Whitefish, MT  59937 ("StrapSmith").  Defendant StrapSmith does business under various names, including under the name The StrapSmith through various online avenues and engages for business within the State of Ohio.

4. Upon information and belief, the Defendant All Watchbands is a Maryland corporation with a principal place of business.  Defendant AWB does business under various names,  and engages for business within the State of Ohio.

5. Upon information and belief, the Defendant Watchbands ETC., Inc. Is a Texas corporation with a principal place of business at 800 Tully Road, Houston TX 77079 ("WB.com") and further does business at 2415 S Dairy Ashford Rd, Houston, TX 77077 and 14520 Memorial Dr, Houston, TX 77079.  Defendant WB.com does business through various online avenues and engages for business within the State of Ohio.

6. Upon information and belief, the Defendant Marko Ceki does business as Spartan Watches with a principal place of business at 5663 Greenland Road #1205, Jacksonville, FL 32258.  Several other California companies and Florida Companies at that same address (Marko Persevering LLC and Natural Heal Club LLC), each having lapsed, all

have Marko Ceki (aka Drago Ceki) as its registered agent are located at that same single-family residence.  Defendant Spartan does business through various online avenues and engages for business within the State of Ohio.

7.  Upon information and belief, the Defendant Lahdee, LLC is a Massachusetts limited liability company with a principal place of business at 380 Washington Street, Floor 1, Suite 102, Boston MA 02135 and has a corporate headquarters at 100 Lake Street, Brighton, MA ("Lahdee").  Defendant DDP has locations in Kentucky and Virginia and does business through various online avenues and engages for business within the State of Ohio.

8.  Upon information and belief, the Defendant Country Club Prep, LLC is a Georgia limited liability company with a principal place of business at 1015-A Collier Road, Atlanta GA  30318 ("CCP").  Defendant CCP does business through various online avenues and engages for business within the State of Ohio.

## JURISDICTION AND VENUE

9.     This is an action for trademark infringement. The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C.  §  1125(a);  §43(a)  of  the  Lanham  Act.   This  Court  also  has  supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.     This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio,

within this judicial district and elsewhere.

11.     Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant are subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

**<u>FACTUAL ALLEGATIONS</u>**

12.     The Plaintiff has a federally registered mark for "NATO" Registration Number 3,907,646. ("the '646 mark")   <u>(See Registration Certificate attached hereto as "Exhibit 1.")</u>

13.     Plaintiff, through its brand, has become very well known as a supply of watches and watch strap sold by Plaintiff under the NATO® brand. The NATO® brand has further successfully expanded into various other categories of products, including, *inter alia*, knives, buckles, bags, toys, apparel, electronics (i.e., flashlights, laser bore sights), gun holsters, cups and mugs, jewelry organizers, key rings, beer and other alcoholic beverages.

14.     Currently, the Plaintiff sells and distributes NATO® brand products through online marketplaces such as <u>www.eBay.com</u>, and through distributors and under license.

15.     Plaintiff is asserting that Defendants have infringed the Plaintiff's federally registered trademark.

16.     The Defendant W&S has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

17.     On information and belief, Defendant W&S's website at https://www.wristandstyle.com contains a multitude of improper uses of the mark

"NATO." (See "Exhibit 2, pages 1-3.")

18.    Defendant's products sold at their website are colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace.

19.    The Defendant W&S was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

20.    The Plaintiff is entitled to an award of damages against Defendant W&S for trademark infringement.

21.    The Defendant StrapSmith has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

22. On    information    and    belief,    Defendant    StrapSmith's    website    at http://www.thestrapsmith.com contains a multitude of improper uses of the mark "NATO." (See "Exhibit 2, pages XXX").

23.    Defendant's products sold at www.thestrapsmith.com are colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace.

24.    The Defendant StrapSmith was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

25.    The Plaintiff is entitled to an award of damages against Defendant StrapSmith for trademark infringement.

26. The Defendant All Watchbands ("AWB") has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

27. On    information    and    belief,    Defendant    AWB's    website    at http://www.allwatchbans.com contains a multitude of improper uses of the mark

"NATO." (See "Exhibit 2, pages 4-7").

28.    Defendant's products sold at www.allwatchbands.com are colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace.

29.    The Defendant AWB was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

30.    The Plaintiff is entitled to an award of damages against Defendant AWB for trademark infringement.

31. The Defendant WB.com has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

32. On    information    and    belief,    Defendant    WB.com's    website    at http://www.watchbands.com contains a multitude of improper uses of the mark "NATO." (See "Exhibit 2, pages 36-41").

33.    Defendant's products sold at www.watchbands.com are colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace.

34.    The Defendant WB.com was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

35.    The Plaintiff is entitled to an award of damages against Defendant WB.com for trademark infringement.

36. The Defendant Lahdee has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

37. On information and belief, Defendant Lahdee's website at www.lahdeestore.com contains a multitude of improper uses of the mark "NATO." (See "Exhibit 2, pages 14-31").

38.     Defendant's products sold at www.lahdeestore.com are colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace.

39.     The Defendant Lahdee was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

40.     The Plaintiff is entitled to an award of damages against Defendant Lahdee for trademark infringement.

41. The Defendant CCP has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

42. On information and belief, Defendant CCP's website at www.countryclubprep.com contains a multitude of improper uses of the mark "NATO." (See "Exhibit 2, pages 32-35").

43.     Defendant's products sold at www.countryclubprep.com are colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace.

44.     The Defendant CCP was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

45.     The Plaintiff is entitled to an award of damages against Defendant CCP for trademark infringement.

## CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

46.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

47.     The Defendant W&S used, and continues to use, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their website as well as on other selling

sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

48. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

49. The Defendant W&S's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

50. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

51. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

52. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "W&S" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

53.     The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

### CLAIM NO. 2
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

54.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

55.     All of the Defendant W&S's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### CLAIM NO. 3

*(Federal Trademark Infringement; Unfair Competition
15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

56.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

57.     The Defendant Strapsmith, and continues to use, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their  website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

58. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

59.     The Defendant Strapsmith's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark.  Such intentional acts on the part of Defendant have damaged Plaintiff's

goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

60.     The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

61.     Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

62.     The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the Strapsmith products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

63.     The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 4
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

64.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

65.     All of the Defendant Strapsmith's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et*

*seq.*

### CLAIM NO. 5

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

66.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

67.     The Defendant AWB used and continues to use, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their  website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

68.Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

69.     The Defendant AWB's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark.  Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

70.     The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

71.     Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

72.     The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the ABW products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

73.     The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

### CLAIM NO. 6
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

74.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

75.     All of the Defendant AWB's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### CLAIM NO. 7

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

76.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

77.     The Defendant WB.com used and continues to use the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their  website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate,

counterfeit, copy, and reproduce Plaintiff's mark.

78. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

79. The Defendant WB.com's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

80. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

81. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

82. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the WB.com products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

83. The Defendant's actions constitute trademark infringement, unfair competition, in

violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 8
### *(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

84.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

85.     All of the Defendant WB.com's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## CLAIM NO. 9

### *(Federal Trademark Infringement; Unfair Competition*
### *15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

86.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

87.     The Defendant Marko Ceki used and continues to use the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

88. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

89.     The Defendant Marko Ceki's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff

immediate and irreparable damage.

90.     The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

91.     Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

92.     The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the Marko Ceki products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

93.     The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

**CLAIM NO. 10**
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

94.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

95.     All of the Defendant Marko Ceki's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## <u>CLAIM NO. 11</u>

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

96.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

97.     The Defendant Spartan used and continues to use the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their  website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

98. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

99.     The Defendant Spartan's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark.  Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

100.     The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

101.     Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

102.     The Defendant's acts of trademark infringement occurred in connection with the

same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the Spartan products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

103.    The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

### CLAIM NO. 12
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

104.    The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

105.    All of the Defendant Spartan's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### CLAIM NO. 13

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

106.    The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

107.    The Defendant Lahdee used and continues to use the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their  website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

108. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

109. The Defendant Lahdee's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

110. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

111. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

112. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the Lahdee products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

113. The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 14
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

114.    The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

115.    All of the Defendant Lahdee 's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq.*

## CLAIM NO. 15

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

116.    The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

117.    The Defendant CCP used and continues to use the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their  website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

118.Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

119.    The Defendant CCP's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark.  Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

120.    The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

121.    Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

122.    The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the CCP products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

123.    The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

<u>**CLAIM NO. 16**</u>
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

124.    The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

125.    All of the Defendant CCP's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq.*

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order against Defendant:

A)  A preliminary injunction enjoining each of the Defendant from making, using, marketing or selling any product or service that infringes upon the Plaintiff's NATO trademark;

B)  A preliminary injunction enjoining each of the Defendant from applying for trademark registration or otherwise using the term NATO, or any colorable imitation thereof, within any identifier or mark;

C)  A transfer of any merchant account usernames or uniform resource locators (URL) owned or controlled by any of the Defendants that include the terms NATO or NATO STRAP to Plaintiff;

D) A permanent injunction enjoining any of the Defendants from making, using, marketing or selling any product or service that infringes upon the NATO trademark;

E)  An assessment of interest on the damages so computed;

F)  An accounting of each of the Defendant's revenues;

G)  A disgorgement of each of the Defendant's revenues;

H)  A destruction of counterfeits;

I)  An award of damages to the Plaintiff and against each of the Defendant for all damages sustained by Plaintiff including each of the Defendant's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a), and an award of attorney's fees.

J)  Judgment against each Defendant indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by any of the Defendant to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

K) Judgment against each Defendant for an accounting and monetary award in an amount to be determined at trial;

L) Requiring each Defendant to account to the Plaintiff for all sales and purchases that have occurred to date and requiring each Defendant to disgorge any and all profits derived by that Defendant for selling infringing product or services.

M) Requiring each Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product or services;

N) Requiring all Defendants to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver services to third parties;

O) Ordering a product recall of infringing products and services for destruction;

P) Requiring Defendants to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

Q) Requiring Defendants to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

R) Damages according to each cause of action herein;

S) Prejudgment interest;

T) An injunction against Defendant under 15 U.S.C. § 116(a) for infringing the Plaintiff's trademark;

U) An order against Defendants to destroy all things related to their infringing articles bearing a colorable imitation of the Plaintiff's mark pursuant to 15 U.S.C. § 1118; and

V) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.


Most Respectfully Submitted,


__/s/ David A. Welling_____

**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*CHOKEN & WELLING*
Attorneys at Law
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax     (330) 865 – 3777

**JOHN D. GUGLIOTTA (0062809)**
*Gugliotta & Gugliotta, LPA*
3020 West Market Street3
Akron, OH 44333
Tel.    (330) 253 – 2225
Fax     (330) 253 – 6658


*Counsel for the Plaintiff*